IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, ) | |
| AIS #246241, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-507-WKW |
| ) | [WO] |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Charles Hicks ["Hicks"], a state inmate and frequent litigant in this court, complains that Lt. Copeland denied him a diabetic lunch on June 4, 2007. Hicks names the Alabama Department of Corrections, Richard Allen, commissioner of the Alabama Department of Corrections, Leon Forniss, warden of the Staton Correctional Facility, and Lt. Copeland, a correctional officer at such facility, as defendants in this cause of action. Hicks seeks declaratory relief and monetary damages for the alleged violation of his constitutional rights

Upon review of the complaint, the court concludes that the plaintiff's claims against all defendants except Lt. Copeland are due to be dismissed with prejudice prior to service of process upon application of the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court

### A. The Alabama Department of Corrections

Hicks names the Alabama Department of Corrections as a defendant in this cause of action. A state and its agencies are entitled to absolute immunity from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Additionally, a state agency is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claim against the Alabama Department of Corrections is frivolous as the claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Such claim is therefore subject to dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B. The Staton Correctional Facility

A state prison facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claim against the Staton Correctional Facility is due to be summarily dismissed as frivolous in accordance with the provisions of 28 U.S.C.§ 1915(e)(2)(B)(i). *Id.*

### C. Respondeat Superior

The claim presented by Hicks relates solely to the actions and/or inactions of defendant

---

to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Copeland. It is therefore clear that defendants Allen and Forniss are sued due to their holding supervisory positions. However, the law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the plaintiff's claim against defendants Allen and Forniss lack an arguable basis in law and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim against the Alabama Department of Corrections, Richard Allen, Leon Forniss and the Staton Correctional Facility be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Alabama Department of Corrections, Richard Allen, Leon Forniss and the Staton Correctional Facility be dismissed as defendants in this cause of action.

3. This case, with respect to the plaintiff's claim against Lt. Copeland, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before June 25, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of June, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE