**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| CHARLES HICKS, #246241, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:07-CV-507-WKW |
| | )                [WO] |
| | ) |
| LT. WILLIE COPELAND, | ) |
| | ) |
|     Defendant. | ) |

**SPECIAL REPORT**

**COMES NOW**, the Defendant, Lieutenant Willie Copeland, by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and in accordance with this Honorable Court's Order dated June 12, 2007, herby submits the following Special Report.

**PARTIES**

1. The Plaintiff, Charles Hicks, (Mr. Hicks) is an Alabama Department of Corrections (ADOC) inmate, who is incarcerated in the Staton Correctional Facility (Staton) in Elmore, Alabama.

2. Plaintiff has named the following Defendant: Lieutenant Willie Copeland (Lt. Copeland), Correctional Officer Supervisor I (COSI) at Staton.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. Hicks alleges that on June 4, 2007, while he was incarcerated in Staton, Lt. Copeland denied him a diabetic lunch. As relief, Mr. Hicks seeks for Lt. Copeland to be terminated from ADOC and for Lt. Copeland to be suspended from his position as COSI at Staton. Mr. Hicks also seeks financial reward for pain and suffering for cruel and unusual punishment. In Mr. Hicks' Motion to Objection of the Magistrate Judge's Recommendation, he states that he seeks $300,000 in compensation, $200,000 in damages and $2,000,000 for pain and suffering. Mr. Hicks further requests his freedom and for Lt. Copeland to be arrested.

## DEFENDANT'S EXHIBITS

1. Exhibit A- Staton Diabetic Meal Roster for June 4, 2007
2. Exhibit B- Affidavit of Lt. Copeland

## DEFENDANT'S RESPONSE

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Lt. Copeland, in his official capacity, is immune from suit by virtue of sovereign immunity.

3. Lt. Copeland, in his individual capacity, is immune from suit by virtue of qualified immunity.

4. Lt. Copeland denies violating Mr. Hicks' Eight Amendment rights and denies acting with deliberate indifference to Mr. Hicks' medical needs.

5. Lt. Copeland denies withholding a diabetic meal from Mr. Hicks on June 4, 2007.

6. Lt. Copeland requests that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## STATEMENT OF FACTS

For purposes of this Special Report only, Lt. Copeland will treat the facts alleged by Mr. Hicks as true. However, Lt. Copeland presents the following facts based on records commonly kept in the course of business at Staton and the affidavit of Lt. Copeland.

On June 4, 2007, Mr. Hicks was scheduled for chronic care screening in B-dormitory. (Exhibit B) At approximately 8:35 A.M., diabetic inmates were called to report to the inmate dining hall to eat their lunch. (Exhibit B) Mr. Hicks was receiving chronic care screening at that time. (Exhibit B)

Mr. Hicks reported to the Staton shift supervisor office and notified the shift commander that he was at chronic care screening and when diabetic lunches were served. (Exhibit B) An arrangement was made for Mr. Hicks to get his diabetic meal in the chow hall. (Exhibit B) The diabetic meal roster shows that Mr. Hicks acknowledged receiving his lunch by signing his initials under the lunch column (labeled "(L)" on Exhibit A).

<u>**SUMMARY JUDGMENT STANDARD**</u>

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. <u>Id</u>. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. <u>Morisky v. Broward County</u>, 80 F.3d. 445, 448-49 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendant is entitled to judgment as a matter of law.

<u>**ARGUMENT OF FACT AND LAW**</u>

I.    **Plaintiff's 42 U.S.C. Section 1983 claim against Lt. Copeland fails because Lt. Copeland is immune from suit.**

    A.    <u>**Lt. Copeland is immune from suit in his official capacity by virtue of sovereign immunity.**</u>

Mr. Hicks' claims against Lt. Copeland in his official capacity are due to be dismissed pursuant to the doctrine of sovereign immunity. Lieutenant Copeland is absolutely immune from liability. As the United States Supreme Court has stated:

> "There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937).  Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

Alabama v. Pugh, 438 U.S. 781, 782 (1978). There has been no consent or waiver of immunity in this case. Mr. Hick's claim fails because Lt. Copeland is absolutely immune from being sued in his official capacity.

**B.    Lt. Copeland is immune from suit in his individual capacity by virtue of qualified immunity.**

Lt. Copeland is entitled to qualified immunity. A corrections officer is protected from civil liability if his actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   Hope v. Pelzer, 536 U.S. 730, 739 (2002). Lt. Copeland used his discretion in deciding whether Mr. Hicks should continue to receive chronic care screening, or temporarily cease Mr. Hicks screening and immediately allow Mr. Hicks to eat his lunch. Mr. Hicks alleges that Lt. Copeland decided not to allow him to eat lunch at all that day. Lt. Copeland's alleged actions, even if true, do not violate any clearly established constitutional or statutory rights, Lt. Copeland is protected by qualified immunity. Pinkney v. Davis, 952 F. Supp. 1561,

1570 (M.D. Ala. 1997). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson v. Blankenship, 163 F.3d 1284, 1295 (11th Cir. 1998).

II.   **Lt. Copeland did not act with deliberate indifference to a serious medical need.**

As the Eleventh Circuit has stated, "deliberate indifference to a prisoner's serious medical needs violates the Eight Amendment." Ciccone v. Sapp, 2007 WL 1841079, 2 (2007). Deliberate indifference consists of an objectively serious medical need and a subjective inquiry of the prison official's actions towards that need. Id. In Ciccone, the Eleventh Circuit defines a "serious medical need" as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). Even if a serious medical need is shown, Mr. Hicks does not establish that Lt. Copeland acted with deliberate indifference to that need. As the Eleventh Circuit has stated, deliberate indifference requires "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245 (citation and quotation marks omitted).

The actions of Lt. Copeland, according to Mr. Hicks' complaint, do not qualify as deliberate indifference because the denial of a single diabetic lunch does not constitute "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mr. Hicks does not claim that he was denied his diabetic breakfast or dinner on June 4, 2007. The alleged missed diabetic lunch could only be considered at most a delay of medical treatment, not an outright denial. The Eleventh Circuit has noted that "the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." Ciccone, 2007 WL 1841079. Lt. Copeland's alleged delay in medical treatment was not a deliberate indifference to a serious medical need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (defendants' complete withdrawal of prisoner's treatment for HIV and hepatitis constituted deliberate indifference to his serious medical needs); Farrow v. West, 320 F.3d 1235, 1247-48 (11th Cir.2003) (defendant's inexplicable delay in providing dentures which resulted in prisoner suffering from pain, bleeding, swollen gums, and weight loss presented a question of fact on deliberate-indifference issue); Gardner v. Ramsey, 2006 WL 753178 (M.D. Ga. 2006) (a prisoner's missing of up to fifty diabetic meals over a four hundred forty-six meal period did not constitute a substantial risk of serious harm because he continued receiving diabetic meals on a fairly regular basis).

7

Furthermore, Mr. Hicks' claims fail to acknowledge any physical symptoms or adverse effects occurring from the alleged delay in treatment. Mr. Hicks' claims also fail to allege that he informed anyone (including Lt. Copeland) that he was experiencing pain and suffering from the missed lunch. Lt. Copeland's alleged conduct was, at most, an ordinary lack of due care for Mr. Hicks' comfort, which does not qualify as cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986). Lt. Copeland's alleged denial of a single diabetic lunch, did not rise to the level of deliberate indifference to a serious medical need that could be characterized as a violation of Mr. Hicks' Eighth Amendment rights.

Mr. Hicks' claim against Lt. Copeland fails because it does not state any threatened or actual injuries to him.

> "Judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action."

Warth v. Seldin, 422 U.S. 490, 498-99. (citations omitted). Following Warth, Mr. Hicks lacks standing in bringing an action under 42 U.S.C. § 1983. Id. Therefore, even if the denial of a single diabetic lunch constituted deliberate indifference to a serious medical need, Mr. Hicks' claim still fails because he lacks standing and cannot invoke the jurisdiction of the federal court. Id. at 499.

## CONCLUSION

Based on the foregoing, the Defendant, **Lt. Willie Copeland**, respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendant.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


s/ *J. Matt Bledsoe*_____
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have, this the 20th day of July, 2007, electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, and that I have further served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:


Mr. Charles Hicks, #246241
Staton Correctional Facility
P.O. Box 56
Elmore, AL 36025


s/ *J. Matt Bledsoe*_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS, #246241          )
                                )
        Plaintiff,               )
                                )
    v..                          ) CIVIL ACTION NO.2:07-CV-507-WKA
                                )
ALABAMA DEPARTMENT              )
OF CORRECTIONS,                 )
                                )
        Defendants               )

## A F F I D A V I T

**State of Alabama**     :

**Elmore County**        :

Before me, the undersigned authority, a Notary Public in and for said County and

State of Alabama at Large, personally appeared Annie Latimore, who being known to me

and being by me first duly sworn, deposes and says on oath as follows:

My name is Annie Latimore. I hereby certify and affirm that I am the Alternate

Custodian of Records at Staton Correctional Facility, P. O. Box 56, Elmore, Alabama

36025. I am over twenty-one years of age and am competent to testify to the matters

stated herein.

The attached *State of Alabama, Department of Corrections Institutional*

*Diabetic Roster* dated for June 4, 2007, are true, and exact and correct photocopies of

documents maintained here in the institutional files.



I further certify and affirm that said documents are maintained in the usual and ordinary course of business at Staton Correctional Facility and that said documents and entries therein were made reasonably near the time that such acts, events and transactions referred to therein are said to have occurred.

ANNIE LATIMORE

SWORN TO and SUBSCRIBED before me this _27_ day of June 2007.

NOTARY PUBLIC

4/10/2010

My Commission Expires:

6-4-07

# DIABETIC ROSTER 5/20/07

| No. | Last Name | First Name | AIS | (B) | (L) | (S) |
|---|---|---|---|---|---|---|
| 1. | Acoff | Henry | 111741 | ha | ha | hG |
| 2. | Anderson | J. | 201816 | JA | | JA |
| 3. | Bell | Vernon | 197656 | VB | | |
| 4. | Bowling | Terry | 167058 | | | |
| 5. | Brown | Howard | 110197 | | | |
| 6. | Brown | George | 137766 | BG | | BL |
| 7. | Caple | Wayne | 165321 | WC | WC | |
| 8. | Carlile | Richard | 234636 | RC | RC | RC |
| 9. | Carver | Glenn | 125093 | | HC | HC |
| 10. | Clark | Ray | 200154 | RC | RC | RC |
| 11. | Coleman | Willie | 166460 | WC | | WC |
| 12. | Collins | Shawn | 244929 | SC | SC | SC |
| 13. | Davidson | Eric | 139504 | ED | | |
| 14. | Gillott | Carthel | 191946 | | | |
| 15. | Green | Frank | 167714 | | | |
| 16. | Harrelson | James | 201816 | JH | | |
| 17. | Henry | Leo | 187325 | LH | | LH |
| 18. | Hicks | Keith | 145372 | KH | | KH |
| 19. | Hicks | Charles | 246241 | CH | CH | CH |
| 20. | Hill | Jimmy | 154458 | | | JH |
| 21. | Holland | Brandon | 249616 | | | |
| 22. | Horn | William | 214407 | WH | WH | WH |
| 23. | Jennings | Navies | 151358 | NJ | | |
| 24. | Johnson | Donald | 115869 | DJ | | |
| 25. | Jones | Boykin AM-PM | 115035 | BJ | BJ | |
| 26. | Jones | Phillip | 153436 | | | |
| 27. | Keahey | John | 111316 | JK | JK | JK |
| 28. | Kidd | James (BLD)sack | 115166 | JK | JK | JK |
| 29. | Mack | Louis | 118903 | | | |
| 30. | Martin | Eddie | 171702 | EM | EM | EM |
| 31. | McGill | Williams | 227166 | WM | WM | |
| 32. | McRee | Jimmy | 210742 | Infirmary | | |
| 33. | Mims | Larry | 131817 | | | |
| 34. | Neal | Bryant | 248367 | BN | | BN |
| 35. | Paul | Kenneth | 206768 | KP | KP | KP |
| 36. | People | Harry | 104181 | | | |
| 37. | Pilkington | Robert | 241544 | RP | | |
| 38. | Porter | Ontounes | 145912 | OP | | |

116308

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES HICKS, #246241                    )
                                          )
                Plaintiff,                )
                                          )
V.                                        )  CIVIL ACTION NO.2:07-CV-507-WKA
                                          )
STATE OF ALABAMA DEPT OF                  )
CORRECTIONS, et al.,                      )
                                          )
                Defendants.               )

## AFFIDAVIT

**State of Alabama**    :

**Elmore County**       :

Before me, the undersigned authority, a Notary Public in and for said County and

State of Alabama at Large, personally appeared Willie Copeland, who being known to

me and being by me first duly sworn, deposes and says on oath as follows:

My name is Willie Copeland.  I am presently employed as a Correctional Officer

Supervisor I with the Alabama Department of Corrections at Staton Correctional Facility,

P.O. Box 56, Elmore, Alabama 36025.  I am over twenty-one years of age and have

personal knowledge of the facts set forth below.

I have reviewed the complaint of Inmate Charles Hicks and this is my response to

his complaint.

In this civil action, Inmate Charles Hicks, B/M #246241 alleges that he is a

Diabetic and that he was denied his diabetic lunch by Lieutenant Copeland on June 4,

2007.



On June 4, 2007, Inmate Charles Hicks, B/M #246241 was scheduled for Chronic Care Screening in B-Dormitory. At approximately 8:35 A.M., Diabetics Chow was called for all Diabetics Inmates to report to the Inmate Dinning Hall to eat their meal. Inmate Hicks had not completed his Chronic Care Clinic Screening at the time diabetic chow was called.

Inmate Hicks reported to Staton Shift Supervisor Office and advised the Shift Commander that Inmate Hicks had been at Chronic Care screening and had missed getting his diabetic lunch. Arrangement was made for Inmate Hicks to get his diabetic meal in the chow hall.

Lieutenant Copeland has no knowledge of ever being verbally abusive in his conversation with Inmate Hicks.

To my knowledge, the above-related facts are the entirety of my involvement with Inmate Hicks concerning the allegations on which his complaint is based.

I deny that I have violated any well-established civil rights of Inmate Hicks.

_____
WILLIE COPELAND

SWORN TO and SUBSCRIBED before me this _27_ day of June 2007.

_____
NOTARY PUBLIC

_12/06/2008_
My Commission Expires: