IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HICKS, # 246241, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-cv-507-WKW |
| | ) | [WO] |
| | ) | |
| LIEUTENANT WILLIE COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the litigious plaintiff, Charles Hicks ("Hicks"), a state inmate, complains that his constitutional rights were violated when, on June 4, 2007, while incarcerated at the Staton Correctional Facility Lieutenant Willie Copeland denied him a diabetic lunch and "went off on [him] with foul words."[1]  (Compl. at 2-3).  The court has jurisdiction pursuant to 28 U.S.C. § 1331.

In response to the orders of the court, the defendant filed a special report and answer. The court then informed the plaintiff that the defendant's special report may, at any time, be

---

[1]  To the extent that the plaintiff's complaint can be construed as presenting claims for injunctive relief, those claims are due to be denied as moot.  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 440 U.S. 625 (1979).  The test  is (1) there is no reasonable likelihood of a recurrence of the alleged violation and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Id.*  On February 25, 2008, the plaintiff notified this court that he was now residing at the Aletheia House, a residential substance abuse treatment facility in Birmingham, Alabama.  The plaintiff's move to Aletheia House is the requisite interim event.  Past exposure to illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury.  *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Consequently, Hicks is entitled to no injunctive relief.  *See County of Los Angeles, supra*.

treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. The plaintiff has filed his response, and this case is now before the court for consideration of the defendant's motion for summary judgment which the court concludes is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." FED.R.CIV.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

To survive the defendants' properly supported motion for summary judgment, Hicks is required to produce "sufficient [favorable] evidence" establishing a constitutional violation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*.  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and,

therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations. . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment. . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material

4

under the substantive law governing the case will preclude entry of summary judgment.").
"The mere existence of some factual dispute will not defeat summary judgment unless that
factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City
of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate
a genuine issue of material fact, the party opposing summary judgment "must do more than
simply show that there is some metaphysical doubt as to the material facts. . . . Where the
record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,
there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on
its face or which can be reduced to admissible form indicates that there is no genuine issue
of material fact and that the party moving for summary judgment is entitled to it as a matter
of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment
appropriate where pleadings, evidentiary materials and affidavits before the court show there
is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish
a genuine issue of material fact, the nonmoving party must produce evidence such that a
reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the
nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a
*pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine
issue of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906
F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this

5

court's disregard of elementary principles of production and proof in a civil case.  In this case, Hicks fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION

Hicks complains that on June 4, 2007, Lieutenant Copeland, using vulgar language, denied him a diabetic lunch.  Specifically, according to Hicks, while he was at his chronic care screening appointment in the medical ward, the diabetic inmates at Staton were called for lunch.  Because he was being screened by the medical staff, Hicks missed lunch.  When he reported to Lieutenant Copeland that he had missed lunch, Copeland reportedly told him using "foul language" that he would have to wait "a couple of hours (3) hours" for the dinner meal.[3]  (Doc. # 16, Pl's Aff. at 3).

Construing the facts in the light most favorable to Hicks, he is entitled to no relief simply because he missed his diabetic lunch; he has failed to allege that he suffered a physical injury.  In enacting the Prison Reform Litigation Act of 1995, Pub.L. 104-134, 110 Stat. 1321 (1996) ("PLRA"), Congress intended to "stem the flood of prisoner lawsuits in federal court."  *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (*en banc*).  Pursuant to 42 U.S.C. § 1997e(c)(1), the court shall dismiss claims challenging prison conditions, if the court determines that an action is frivolous or fails to state a claim upon which relief may be

---

[3]  Copeland denies that he spoke vulgarly to Hicks and asserts that arrangements were made for Hicks to receive his diabetic meal.  (Doc. # 9, Def's Special Rep., Att. B).  The dispute about whether the Hicks received his meal does not preclude summary judgment because, for reasons that will be explained in the body of this Recommendation, even if Hicks missed his diabetic lunch, he is not entitled to relief.

granted. *Id; see also, Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).  One provision of 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**."  (emphasis added).  *Harris* further holds that § 1997e(e) applies with full force to constitutional claims.  *Harris*, 216 F.3d at 984.

In this case, the plaintiff seeks monetary damages against the defendant for denying him one diabetic lunch.  He alleges no physical injury related to this constitutional claim.[4] He points to no evidence to indicate that he suffered a physical injury.  Thus, the court concludes that this case is due to be dismissed pursuant to the provisions of 42 U.S.C. § 1997e(c)(1).

To the extent that Hicks alleges a claim against Copeland for his "foul language," it is well established that a 42 U.S.C. § 1983 action based solely on abusive or threatening language fails to state a claim for relief.  *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir 1983).  *See also Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).  Hicks claims only that Copeland was verbally abusive; therefore, this claim must be dismissed.[5]

---

[4] In his affidavit filed in opposition to the motion for summary judgment, Hicks sets forth several reasons why he believes Copeland should be fired.  He says that Copeland "threatens me because I am a diabetic and also a Chronic Care Patient.  And I am suffering and having pain in my body all of the time and I am walking on a walking care and sometime crutches.  It hurts for me too (sic) walk."  Even with a liberal construction, Hicks' comments cannot be considered as anything more than a description of his disease symptoms and not a physical injury.

[5] In any event, Hicks' claims for damages would also be subject to dismissal pursuant to 42 U.S.C. § 1997e(c)(1) because he fails to demonstrate any physical injury related to this claim.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice pursuant to 28 U.S.C. § 1997e(c)(1).  It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 16, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of October, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE


8